IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THAYER EDSEN WINNELL,

          Plaintiff,

v.                                                CIVIL ACTION NO. 2:11-cv-00561

HSBC MORTGAGE SERVICES, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 14]. For the reasons stated below, the court **FINDS** that removal was proper and **DENIES** the Motion to Remand.

**I.    Factual and Procedural Background**

On or about July 7, 2011, the plaintiff, Thayer Edsen Winnell, filed this action in the Circuit Court of Jackson County, West Virginia. In the Complaint, Winnell alleges that he obtained a $90,000 mortgage loan from Household Bank and that the defendant, HSBC Mortgage Services, Inc. ("HSBC") began servicing the loan after it was originated. Winnell claims that HSBC has engaged in abusive lending practices in violation of West Virginia law. The Complaint states that Winnell brings this action on behalf of himself and all other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil Procedure. (Compl. at ¶ 17 [Docket 1-1].)

The complaint was served on HSBC on July 18, 2011. (Notice of Removal at ¶ 3 [Docket 1].) On August 17, 2011, HSBC removed this case to federal court pursuant to 28 U.S.C

§§ 1332(a), 1441, and 1446. The defendant has asserted that this court has diversity jurisdiction over the named plaintiff, Winnell, and supplemental jurisdiction over all members of the class. All proposed class members, including Winnell, are West Virginia citizens. HSBC is a Delaware corporation with its principal place of business in Florida. Winnell has not contested that complete diversity exists. He argues, however, that HSBC has not shown that the amount in controversy exceeds the jurisdictional requirement of $75,000.

**II. Discussion**

A defendant may remove a case to federal court if the action is one which could have originally been brought in the district court. 28 U.S.C. § 1441(a). Removal jurisdiction implicates significant federalism concerns and therefore is to be strictly construed. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005).

A district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). A court addressing the propriety of federal jurisdiction in a removal action will base its "decision on the record existing at the time the petition for removal was filed." *Sayre v. Potts*, 32 F.Supp.2d 881, 886 (S.D. W. Va. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)).

"In a removal action, the defendant bears the burden of proving, by a preponderance of the evidence, that the plaintiff's claims exceed the jurisdictional amount." *Moses Auto., Inc. v. American Honda*, 581 F.Supp.2d 763, 767 (S.D. W. Va. 2007). "The amount in controversy can be measured by either party's loss." *Id.* (citing *Government Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "In actions seeking declaratory of injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).

In this case, the plaintiff has requested an "An injunction prohibiting the Defendant from initiating foreclosure proceedings on any accounts in West Virginia where the loans were serviced in the manner described above," which includes the named plaintiff's own loan. (Compl. at 6 [Docket 1-1]). The current balance of Winnell's loan is alleged to be $85,359.95, which exceeds jurisdictional minimum of $75,000. (Def. HSBC Mortgage Services Inc.'s Resp. in Opp'n. To Pls. Mot. to Remand, at 5 [Docket 18]). Winnell argues, however, that because HSBC has not yet initiated foreclosure on his home, the current balance of the loan is irrelevant to the amount in controversy.

"In actions seeking declaratory of injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). "The amount in controversy can be measured by either party's loss." *Id.* (citing *Government Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). In this case, Winnell's personal liability on the loan is alleged to have been discharged in bankruptcy. (Def. HSBC Mortgage Services Inc.'s Resp. in Opp'n to Pls. Mot. to Remand, at 5 [Docket 18]). Thus, foreclosure is HSBC's sole recourse to enforce the loan. If

HSBC is unable to enforce the loan, it stands to lose at least the outstanding balance of the loan. The value of the requested injunction, therefore, is the outstanding balance of the loan—$85,359.95.

Because the value of the requested injunctive relief alone exceeds the jurisdictional requirement of $75,000, this court need not consider the value of the statutory penalties sought by the plaintiffs. The parties are diverse and the amount in controversy exceeds $75,000. According, the court **FINDS** that it has jurisdiction under 28 U.S.C. § 1332(a) and **DENIES** the plaintiffs' Motion to Remand.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: 28 Oct 2011

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE